**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANGELINA FREIRE, WILSON FREIRE, and SHADIA HERNANDEZ, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN MEDICAL SYSTEMS, INC., ENDO INTERNATIONAL PLC, et al., <br><br> Defendants. | No. 22-cv-05152 <br> Judge Franklin U. Valderrama |

### ORDER

Plaintiffs Angelina Freire, Wilson Freire, and Shadia Hernandez (collectively, Plaintiffs) bring this lawsuit against various Defendants, including C.R. Bard, Inc. (Bard), Tissue Science Laboratories Limited (TSL), Henry G. Garrard, III (Garrard), Michael Goetz (Goetz), and Tenet Healthcare Corporation (Tenet) (collectively, Moving Defendants) alleging fraud on the court. The alleged fraud on the court occurred in a prior concluded proceeding in the Southern District of West Virginia. The Moving Defendants have filed motions to dismiss advancing several theories of dismissal. For the reasons that follow, the Court grants the pending motions to dismiss with prejudice.

### Background[1]

Plaintiffs filed a product liability lawsuit against American Medical Systems, Inc. (American Medical Systems) and Bard, among others, in the Southern District of West Virgina as part of *In re: American Medical Systems, Inc. Pelvic Repair Sys. Prod. Liab. Litig.* multidistrict litigation (MDL), MDL No. 2325,[2] for injuries related to a medical mesh device implanted in Plaintiff Angelina Freire in 2005, and two additional mesh products implanted in 2007. In that action, the MDL court granted

---

[1] In evaluating a motion to dismiss, the Court accepts as true all the well-pled facts in the Second Amended Complaint and draws all reasonable inferences in favor of Plaintiffs. *Landmark Am. Ins. Co. v. Deerfield Constr., Inc.*, 933 F.3d 806, 809 (7th Cir. 2019).

[2] *Freire v. American Med. Sys., Inc. et al.,* No. 2:13-cv-09079, Dkt. 1 (S.D. W. Va. April 25, 2013).

defendants' motions for summary judgment, finding that the claims were time-barred by the statute of limitations. *Freire v. Am. Med. Sys., Inc.*, 2019 WL 1575187, at *3–4 (S.D. W. Va. Apr. 11, 2019), *appeal dismissed and remanded*, 2019 WL 6133697 (4th Cir. Oct. 17, 2019), and *aff'd*, 797 Fed. Appx. 782 (4th Cir. 2020) (unpublished). The Fourth Circuit Court of Appeals affirmed the district court's ruling on March 16, 2020. *Freire v. Am. Med. Sys., Inc.*, 797 Fed. Appx. 782 (4th Cir. 2020) (unpublished).

On September 23, 2022, Plaintiffs, proceeding *pro se*, filed this lawsuit against American Medical Systems, Bard, TSL, Garrard, Goetz, Tenet, and other Defendants, asserting fraud on the court under Rule 60 of the Federal Rules of Civil Procedure. R.[3] 1, Compl. The Court, *sua sponte*, previously dismissed Plaintiffs' complaint without prejudice and granted Plaintiffs leave to amend. R. 8, 11/04/2022 Order. Plaintiffs have amended their complaint twice, and the operative complaint is the second amended complaint. R. 9, Am. Compl.; R. 21, Sec. Am. Compl. (SAC). As best as the Court can discern, Plaintiffs allege that the fraud on the court took place at the Status Conferences, Pretrial Civil Procedure and the Settlement Conferences. SAC at p. 19, ¶ 50. Plaintiffs also allege that members of the Court were "acting out of bounds." *Id.*

The Moving Defendants each move to dismiss Plaintiffs' SAC. R. 41, Bard Mot.; R. 68, TSL Mot.; R. 32, Garrard Mot.; R. 63, Tenet Mot.; R. 66, Goetz Mot.

Garrard also moved to join Bard and TSL's motions to dismiss, which the Court granted. R. 80, Garrard Mot. to Join Bard and TSL's Mots. to Dismiss; R. 81, 06/09/2023 Minute Entry. Plaintiff filed a "response to Henry G. Garrard III unopposed motion to join C.R. Bard and Tissue Science Laboratories motion to dismiss Plaintiffs' amended complaint." R. 85. The Court understood that Plaintiffs were seeking to have the Court consider Plaintiffs' responses to Bard and TSL's motions to dismiss, and Bard and TSL's replies in support of their motions to dismiss, when considering the motion to dismiss as it applies to the claim filed against Garrard. R. 89, 06/27/2023 Minute Entry. The Court affirmed that it would consider Plaintiffs' responses, and Bard's and TSL's replies, when considering the motion to dismiss as it applied to the claim filed against Garrard. *Id.*

Further, in their motions, TSL and Tenet also join Bard's motion. TSL Mot. at 1 ("In support of its Motion, TSL relies on its concurrently filed Memorandum of Law and the arguments set forth in Bard's Motion to Dismiss Plaintiffs' Amended Complaint . . . its supporting memorandum of law . . . and Bard's Reply[.]"; Tenet Mot. at 3 ("Tenet hereby adopts and joins the legal arguments asserted by Bard in its Motion to Dismiss . . . , Memorandum of Law . . . and Reply Brief."). Although TSL and Tenet did not move to join Bard's motion, the Court will consider TSL and Tenet as incorporating and adopting Bard's arguments in their pending motions, and will

---

[3]Citations to the docket are indicated by "R." followed by the docket number or filing name, and where necessary, a page or paragraph citation.

2

consider Plaintiffs' responses to their motions, and TSL and Tenet's replies, in resolving their pending motions, which is consistent with the Court's approach with Garrard. Plaintiffs had the opportunity to respond to each motion—and did respond to each motion—which satisfies the notice requirements. *See Bradley v. Sabree*, 842 F.3d 1291, 1293 (7th Cir. 2016) (affirming the district court's dismissal of defective claims as to non-appearing defendants where "procedural protections that we have outlined—notice and opportunity to respond . . . were satisfied by [appearing defendants] motion to dismiss, and [Plaintiff] herself was able to file a response."); *see also Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 280 (7th Cir. 1986) (reasoning where a party files a motion that the court grants, the district court may grant the same relief in favor of additional, non-moving defendants if the motion is "equally effective in barring the claim against the other defendants and the plaintiff had an adequate opportunity to argue in opposition to the motion."). Plaintiffs acknowledged Tenet's joinder in their responses. *See* R. 82, Tenet Resp. at 27.

Finally, Defendant Michael Goetz did not join any other motions, and attacks the SAC based on lack of personal jurisdiction over him, and failure to state a claim. Goetz Mot. However, in Plaintiffs' response to Goetz's motion, they incorporate their responses to the other pending motions, including their response to Bard's motion. *See* R. 83, Goetz Resp. at 8. Thus, the Court considers Bard's subject matter jurisdictional arguments as they pertain to Goetz (and all other Moving Defendants), because the arguments are equally effective as to the other Moving Defendants. *See Malak*, 784 F.2d at 280.

For the reasons stated below, the Moving Defendants' motions to dismiss are granted.

## Legal Standard

A court may set aside a judgment procured by fraud. Fed. R. Civ. P. 60. "Rule 60 recognizes two types of fraud in the adversarial process that, if demonstrated within the proper timeframe, may merit relief from a final judgment." *Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018). "The first type is fraud, misrepresentation or misconduct by an opposing party, which prevented the party seeking relief from fully and fairly presenting his meritorious case at trial." *Id.* (cleaned up).[4] Parties pursuing this type of Rule 60(b) fraud claim must move for relief within one year of the judgment. *Id.* The second type is fraud on the court which is "directed to the judicial machinery itself" and involves "circumstances where the impartial functions of the court have been corrupted." *Id.* (cleaned up). Examples of fraud on the court are "bribery of a judge or exertion of undue influence on him, jury tampering, and fraudulent submissions by a lawyer for one of the parties in a judicial proceeding, such as tendering documents he knows to be forged or testimony he

---

[4]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

knows to be perjured." *In re Golf 255 Inc.*, 652 F.3d 806, 809 (7th Cir. 2011). "Motions seeking relief in light of fraud on the court can be brought at any time after the judgment because the conduct . . . might be thought to corrupt the judicial process itself." *Kennedy*, 893 F.3d at 419 (cleaned up).

"A party alleging fraud on the court must support their allegations with a meaningful evidentiary showing." *Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068, 1080 (7th Cir. 2016). Crucially, there is a high bar for what constitutes fraud pursuant to Rule 60(d)(3), and the "alleged fraud must go beyond mere discrepancies in the record evidence available at the time judgment was entered. The fraud must have been the kind of fraud that ordinarily could not be discovered, despite diligent inquiry, within one year or even many years." *Kennedy*, 893 F.3d at 420.

Normally, to attack a judgment, a litigant would file a motion in the court rendering the judgment. However, Rule 60(d)(1) permits "an independent action to relieve a party from a judgment, order, or proceeding" and Rule 60(d)(3) permits a court to "set aside judgment for fraud on the court." Fed. R. Civ. P. 60(d)(1), (3). However, "[w]here an independent action for relief from a judgment is brought in a court other than the one that rendered judgment, independent grounds of subject matter jurisdiction are needed." *Alabi v. Homecomings Fin. LLC*, 2011 WL 4398140, at *4 (N.D. Ill. Sept. 21, 2011) (citing Federal Practice and Procedure, § 2868 at 403–04; *Block v. Block*, 196 F.2d 930, 932 (7th Cir. 1952)).

The Court begins with analysis of its subject matter jurisdiction, because if the Court lacks subject matter jurisdiction, then it must go no further and dismiss the lawsuit. *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017) (cleaned up). If the Court finds it has subject matter jurisdiction, it must next determine whether it has personal jurisdiction over Moving Defendants, since "[p]ersonal jurisdiction is the power to adjudicate" a matter. *Siswanto v. Airbus*, 153 F. Supp. 3d 1024, 1031 (N.D. Ill. 2015). Without personal jurisdiction, the Court cannot adjudicate a matter. *Id.*

## Analysis

Here, Plaintiffs have brought this action in a court other than the court that rendered judgment, and Plaintiffs style their allegations of fraud on the court pursuant to Rule 60(d)(3). *See Alabi*, 2011 WL 4398140, at *4.

Bard moves to dismiss the complaint for five reasons. Bard Mot. at 1. First, the Court lacks jurisdiction. Second, the relief Plaintiffs seek is time-barred. Third, Plaintiffs fails to allege any fraudulent conduct under Rule 60(d)(3). Fourth, fraud on the court is not an independent cause of action that can support a support a claim for money damages. Last, Plaintiff Shadia Hernandez lacks standing to pursue the relief sought in the complaint. *Id.*

For its first argument, Bard contends that the Court lacks jurisdiction over this matter as Plaintiffs fail to assert any evidence of fraud on the court and instead seek to overturn the final judgment of the MDL court, which was affirmed by the

4

Fourth Circuit. Bard Mot. at 4–5 (citing *Geuder, Paeschke & Frey Co v. John Clark & J.R. Clark Co.*, 288 F.2d 1, 3–4 (7th Cir. 1961)). Plaintiffs, submits Bard, have exhausted all avenues of appeal and seek to improperly relitigate the same issues. Bard Mot. at 5. The Court also lacks jurisdiction, according to Bard, to grant the relief requested by Plaintiffs, as compensatory and punitive damages are not available for fraud on the court. *Id.* 4. (citing *Anderson v. Roszkowski*, 681 F. Supp. 1284, 1292 (N.D. Ill. 1988) (the "Court does not have subject-matter jurisdiction to award money damages for fraud on the court."). *Id.*

In response, Plaintiffs insist that the Court has subject-matter jurisdiction under the Equal Protection and Due Process clause of the Fifth and Fourteenth Amendments to the Constitution. R. 50, Bard Resp. at 2. As for their request for money damages, Plaintiffs posit that if they are unable to claim money damages, they "are willing to temporarily waive financial compensation." *Id.* at 3.

The Court agrees with Bard that it lacks jurisdiction over this matter. Specifically, through the SAC Plaintiffs are attempting to relitigate issues brought before, and rejected by, the Fourth Circuit Court of Appeals. Moreover, although Plaintiffs style their SAC as stating a claim pursuant to Rule 60(d)(3), a fair reading of Plaintiffs' SAC is that it is a Rule 60(b) motion (which is subject to a one-year statute of limitations), rather than a Rule 60(d)(3) Complaint. *See Oxxford Clothes XX, Inc. v. Expeditors Intern. of Washington, Inc.*, 127 F.3d 574, 578 (7th Cir. 1997) (reasoning that fraud on the court refers to "conduct that might be thought to corrupt the judicial process itself, as where a party bribes a judge or inserts bogus documents into the record[,]" versus Rule 60(b) fraud which is, essentially, fraud on the opposing litigant). Given Plaintiffs are *pro se*, however, the Court reads the SAC deferentially, and considers the allegations as a Rule 60(d)(3) Complaint that is not subject to a one-year statute of limitations.

The Court's deference, however, can only go so far. Critically, Plaintiffs do not assert that the alleged fraud on the court (to the extent there was evidence of any) was recently discovered or based upon recent events. Put differently, Plaintiffs advance no explanation for why they failed to raise these issues before the appellate court. Plaintiffs' seventy-page SAC is long on arguments, but short on facts. At bottom, rather than asserting any evidence of fraud on the court, Plaintiffs insist that the MDL court should not have granted the defendants' motions for summary judgment. *See* SAC at p. 20, ¶ 51 ("There is a genuine issue of material fact as to when the Plaintiff knew or should have known that she was wrongfully injured and is therefore entitled to a trial by jury."). But Plaintiffs already raised these arguments before the appellate court and lost. This Court cannot review the judgment of an appellate court. "[A] district court does not have jurisdiction to alter an appellate ruling where the appellate court has already considered and rejected the basis for the movant's Rule 60(b) motion." *LFoundry Rousset, SAS v. Atmel Corp.*, 690 F. App'x 748, 751 (2d Cir. 2017) (unpublished) (cleaned up).

Moreover, as previously detailed in the Court's dismissal Order dated 11/04/2022, Rule 60(d) requires an independent grounds of subject matter jurisdiction. Order at 4. Again, Plaintiffs have not asserted any federal claim, and, according to the public docket in the West Virginia proceeding, federal jurisdiction in that matter was premised on diversity jurisdiction under 28 U.S.C. § 1332. *Id.* Plaintiffs have not cured this deficiency through the SAC. Thus, again, there is no basis for subject matter jurisdiction.

As the Court lacks jurisdiction over this matter, it need not address the Moving Defendants remaining arguments. *See, e.g.*, *Rizzi v. Calumet City*, 11 F. Supp. 2d 994, 995 (N.D. Ill. 1998) ("If the court dismisses [a] count . . . of the complaint for lack of subject matter jurisdiction, the accompanying defense becomes moot and need not be addressed.").

Dismissal of this action is with prejudice for several reasons. As an initial matter, Plaintiffs did not ask for leave to amend, nor did Plaintiffs identify in briefing the motions how they might cure the defects of the SAC. *See* Bard Resp.; R. 51 Garrard Resp.; Tenet Resp.; Goetz Resp.; R. 84, TSL Resp. *See Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 335 (7th Cir. 2018) ("Nothing in Rule 15, nor in any of our cases, suggests that a district court must give leave to amend a complaint where a party does not request it or suggest to the court the ways in which it might cure the defects. To the contrary, we have held that courts are within their discretion to dismiss with prejudice where a party does not make such a request or showing."); *Gonzalez-Koeneke v. West*, 791 F.3d 801, 808 (7th Cir. 2015) ("A district court acts within its discretion in . . . dismissing a complaint with prejudice . . . when the plaintiff fails to demonstrate how [an] amendment would cure the deficiencies in the prior complaint.").

No matter, as Plaintiffs have also previously amended their complaint twice, and the operative complaint (which is over 70 pages) is the third bite at the apple. *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818–19 (7th Cir. 2013) ("[Plaintiff] insists that the district judge abused his discretion by dismissing the complaint with prejudice rather than allowing it to try again. But in court, as in baseball, three strikes and you're out.")

Finally, based on the nature of Plaintiffs' allegations, the Court is not satisfied that Plaintiffs can state any claim against Defendants that the Court would have subject matter jurisdiction over. The Court previously dismissed Plaintiffs' complaint without prejudice and granted Plaintiffs leave to amend. 11/04/2022 Order; *see Knight*, 725 F.3d at 819 ("Rule 15(a) says that a party may amend its complaint once as a matter of course. After that, leave to amend depends on persuading the judge that an amendment would solve outstanding problems without causing undue prejudice to the adversaries."). As Plaintiffs have previously submitted two prior pleadings, and because the Court is unpersuaded that further amendment would solve the problems identified by Moving Defendants, dismissal is with prejudice.

6

**Conclusion**

For the foregoing reasons, the Court grants Defendants Bard, TSL, Garrard, Goetz, and Tenet's motions to dismiss with prejudice. [32][41][63][66][68]

Although the other named Defendants did not file motions to dismiss, the Court finds it lacks jurisdiction over Plaintiffs' claim as to those Defendants as well, as the nature of Plaintiffs' claim as to all Defendants is fraud on the Court. *See Malak*, 784 F.2d at 280. Thus, the jurisdictional arguments raised by Moving Defendants are equally effective as to the non-moving Defendants. *See id.* Accordingly, this action is dismissed with prejudice.

Dated: September 11, 2024

_____
United States District Judge
Franklin U. Valderrama